**Laurence KISSINGER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–6152.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2002.

Before NATHANIEL R. JONES and COLE, Circuit Judges; GWIN, District Judge.*

## ORDER

Laurence Kissinger appeals a district court judgment that affirmed the Commissioner's denial of his application for social security disability and supplemental security income benefits. The court sent a letter to the parties inquiring why the case should not be submitted without oral argument, and neither party responded. Upon examination, we unanimously agree that oral argument is not needed in this appeal. Fed. R.App. P. 34(a).

Initially, we note that Kissinger has waived his right to appeal his issues enumerated three and four, *viz:* whether the Commissioner erred in making credibility findings regarding Kissinger's statements and whether the Commissioner failed to consider material evidence. A party who does not file specific objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. *See United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). Exceptional circumstances, however, will warrant an exception to the rule in the interests of justice. *See Thomas v. Arn,* 474 U.S. 140, 155 & n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). No exceptional circumstances exist in this case.

Kissinger properly preserved and argues two issues on appeal: whether the Commissioner erred–(1) by failing to consider evidence of his past episodes of decompensation and deterioration of adaptive behaviors, and (2) by not considering whether Kissinger was entitled to a

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

closed period of disability because of his mental impairments. Upon review of these issues, we affirm the district court's judgment. Because the magistrate judge articulated and the district court adopted specific reasons for the decision, the issuance of a detailed written opinion would be duplicative and would serve no useful purpose.

Accordingly, we affirm the district court's judgment for the reasons stated and adopted by the district court in the order entered on August 4, 2000.